IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAURA C. STOCKTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:14-1904-TLW |
| ) | |
| SHAW INDUSTRIES GROUP, INC., ) | |
| d/b/a SHAW INDUSTRIES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER**

Plaintiff Laura C. Stockton filed this civil action against her former employer, Defendant Shaw Industries Group, Inc., alleging disability discrimination, harassment, and retaliation, in violation of the Americans with Disabilities Act. (Doc. #1). Defendant filed a motion to dismiss for failure to state a claim on May 20, 2014. (Doc. #5). Plaintiff filed a response in opposition on June 20, 2014 (Doc. #9), to which Defendant replied on June 30, 2014 (Doc. #11).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion to dismiss and dismiss the complaint without prejudice. (Doc. #12). Plaintiff filed timely objections to the Report on December 18, 2014 (Doc. #15), and Defendant replied on January 8, 2015 (Doc. #16). This matter is now ripe for disposition.

In conducting its review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the

> recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #12), and Plaintiff's objections thereto are **OVERRULED** (Doc. #15). For the reasons articulated by the Magistrate Judge, this action is **DISMISSED** without prejudice.

In her opposition to Defendant's motion to dismiss and her objections to the Report, Plaintiff requests that the Court permit her to file an amended pleading with 15 days of entry of this Order. (Doc. #9 at 5; Doc. #15 at 3). Pursuant to the Fourth Circuit Court of Appeals' holding in Ostrezenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999), the Court hereby **GRANTS** Plaintiff leave to file an amended complaint within 15 days of entry of this Order.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 2, 2015
Columbia, South Carolina