IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Laura C. Stockton, | ) | C/A No. 3:14-1904-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Shaw Industries Group, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Laura C. Stockton, filed a Complaint—which was subsequently amended—in the Court of Common Pleas in Lexington County against her former employer, Shaw Industries Group, Inc. ("Shaw"), a manufacturer of flooring products. She asserts claims of disability discrimination, harassment, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. The defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 asserting jurisdiction based upon 28 U.S.C. §§ 1331. Thereafter, Shaw filed a motion to dismiss the Complaint for failure to state a claim (ECF No. 5), which was granted without prejudice on February 2, 2015. (ECF No. 17.) However, the court granted Stockton fifteen days to file an amended complaint (id.), which Stockton did on February 17, 2015 (ECF No. 18).

This matter is back before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss Stockton's Amended Complaint for failure to state a claim. (ECF No. 21.) Stockton filed a response in opposition (ECF No. 24), and the defendant replied (ECF No. 25). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be denied.

**DISCUSSION**

At the pleading stage, a plaintiff is generally not required to allege facts which, taken as true, would establish a *prima facie* case. See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (holding that a plaintiff is not required to "plead facts establishing a prima facie case of discrimination to survive a motion to dismiss"); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). A plaintiff must, however, include factual averments that raise her claims above the speculative level, see Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), and nudge her claim "across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Thus, to survive a motion to dismiss, a plaintiff's factual averments must fall on the spectrum somewhere above purely speculative and conjectural conclusions but below strict assertions of *prima facie* elements.[1] In determining whether a plaintiff's allegations are sufficient to state a plausible claim for relief, courts must use their common sense and judicial experience. See Iqbal, 556 U.S. at 679.

Shaw maintains that notwithstanding the additional allegations in Stockton's Amended Complaint, Stockton's claims still fail as a matter of law. Upon review of the Amended Complaint, the court disagrees and finds that Stockton's Amended Complaint includes additional factual allegations concerning the nature of her job, as well as actions and statements by her supervisor that

---

[1] Although a plaintiff generally need not allege at the pleading stage facts demonstrating the *prima facie* elements of his or her case, often those elements provide a useful backdrop in determining whether a plaintiff has sufficiently alleged facts to nudge his or her claim across the line from conceivable to plausible. Knowledge of what is ultimately required to prevail can be helpful in determining whether a plaintiff has included enough facts at the pleading stage to indicate that he or she could plausibly eventually establish a claim for relief.



are sufficient to nudge her claims of discrimination, harassment, and retaliation "across the line from conceivable to plausible." Iqbal, 556 U.S. at 683.

## RECOMMENDATION

Based on the foregoing, the court recommends that Shaw's motion to dismiss be denied. (ECF No. 21.)

                                                                Paige J. Gossett
                                                                UNITED STATES MAGISTRATE JUDGE

September 16, 2015
Columbia, South Carolina

        *The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).