IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laura C. Stockton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:14-cv-01904-TLW-PJG |
| ) | |
| Shaw Industries Group Inc. d/b/a ) | |
| Shaw Industries Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Plaintiff, Laura C. Stockton ("Plaintiff"), filed this employment discrimination action against her former employer, Shaw Industries Group Inc. d/b/a Shaw Industries Inc. ("Defendant"), pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") in the Court of Common Pleas for Lexington County, South Carolina.  (Doc. #1-1).  On May 13, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting jurisdiction based upon 28 U.S.C. § 1331.  (Doc. #1).

Following careful review of an initial Report and Recommendation (Doc. #17) in this matter, this Court entered an Order on February 2, 2015 granting Defendant's first motion to dismiss and granting Plaintiff leave to file an amended complaint.  (Doc. #17).  An Amended Complaint was filed by Plaintiff on February 17, 2015.  (Doc. #18).  Defendant filed a motion to dismiss Plaintiff's Amended Complaint on March 6, 2015.  (Doc. #21).

This matter now comes before this Court for review of the instant Report and Recommendation ("the Report") issued on September 16, 2015 by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  (Doc. #27).  In the Report, the Magistrate Judge recommends that this Court deny Defendant's motion to dismiss Plaintiff's Amended

Complaint.  (See Doc. #27).  Defendant filed objections to the Report on October 5, 2015 (Doc. #30), to which Plaintiff replied on October 22, 2015 (Doc. #34).  This matter is now ripe for disposition.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting its review of the Report, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the relevant filings, the Report and Recommendation, and Defendant's objections, and concludes that the Magistrate Judge accurately summarizes the case and the applicable law.  Accordingly, after careful consideration of the Report and objections thereto, the Court **ACCEPTS** the Report.  (Doc. #27).  For the reasons articulated by the Magistrate Judge, Defendant's motion to dismiss the Amended Complaint is **DENIED**.  (Doc. #21).

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

December 3, 2015  
Columbia, South Carolina